UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Pamela E. Conley,** | ) | CASE NO. 4:23 CV 01162 |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| v. | ) | |
| | ) | Memorandum of Opinion and Order |
| **Youngstown City Schools,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

The Defendants' Motion to Dismiss (Doc. No. 4) is before the Court. *Pro se* Plaintiff Pamela Conley opposed the Motion (Doc. No. 5) and Defendants replied to her opposition (Doc. No. 6). For the reasons stated below, the Motion is granted, and this action is dismissed, without prejudice.

**BACKGROUND**

Plaintiff's Complaint is very brief. She indicates that in June 2022, Youngstown City Schools Superintendent Justin Jennings presented the Board of Education with a report of personnel placements for the 2022-2023 school year (Doc. No. 1 at PageID #: 7). Plaintiff indicates that the report no longer assigned her as an Academic Support Generalist in the Department of Teaching and Learning and instead placed her in the District without an assignment (Doc. No. 1 at PageID #: 7). She states that there is no longer a job description for

1

an Academic Generalist in the Youngstown School District and her former position's duties were not transferable to any other position in the district (Doc. No. 5 at PageID #: 76). She contends she also is licensed by the state as a school counselor and should have been placed in one of the counselor job vacancies. She states, however, that she was not given an assignment for the 2022-2023 school year (Doc. No. 1 at PageID #: 7). She states, without explanation, that the Youngtown schools are under a court order pertaining to placement of educators in the school district. (Doc. No. 1 at PageID #: 7). She asks this Court to hold the Defendants in contempt of court under 18 U.S.C. § 401 (Doc. No. 1 at PageID #: 5) and order them to place her in a counselor position for the 2023-2024 school year and to pay her back pay that she would have received as a counselor for the 2022-2023 school year (Doc. No. 1 at PageID #: 6,8).

Defendants filed a Motion to Dismiss under Federal Civil Procedure Rule 12(b)(6) (Doc. No. 4). They indicated they were not aware of any Court Order pertaining to the placement of educators and support staff in the school district and Plaintiff does not identify the Order to which she refers (Doc. No. 4 at PageID #: 64). In addition, they assert that Plaintiff did not provide any other basis for relief. They indicate she was an employee "at will" who was not covered by the school district's collective bargaining agreements (Doc. No. 4 at PageID #: 65). They contend Plaintiff failed to cite to any federal or state law entitling her to a particular employment position within the school district (Doc. No. 4 at PageID #: 65), and her Complaint should be dismissed for failure to state a claim under Rule 12(b)(6).

Plaintiff opposed the Motion (Doc. No. 5) countering some of Defendants' assertions. She states she drafted her Complaint utilizing a court form which instructs plaintiffs to:

> Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and wrote a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

(Doc. No. 1 at PageID #: 6). She indicates that she complied with these instructions by identifying ten Defendants, indicating the time (the 2022-2023 school year), the place (Youngstown City School District) and the conduct giving rise to the Complaint (not following the court order). She states that her wording of the Complaint satisfies every criteria listed on the form and therefore is sufficient to withstand dismissal under Rule 12(b)(6). In addition, she provides the name of the case in which the Order was entered, namely, *Alexander v. Youngstown Bd. Of Educ.*, 454 F. Supp. 985 (N.D. Ohio 1978), *aff'd* 675 F.2d 787 (6th Cir. 1982). She also contends that contrary to the Defendants' assertion, she has a three-year contract as an Academic Support Generalist and "would have been part of a collective bargaining agreement." (Doc. No. 5 at PageID #: 76).

The Defendants replied in support of their Motion (Doc. No. 6) acknowledging the court's Order in *Alexander* but claiming that the case does not invest an employee with a right to a particular job placement within the district. It merely prohibited the district from creating racially segregated schools by implementing racially motivated staff placements within the school district. They indicate Plaintiff failed to allege facts suggesting the district was engaging in racial segregation. They contend Plaintiff did not assert any cognizable claims for relief in her Complaint and this action should be dismissed.

3

**STANDARD OF REVIEW**

When deciding a Motion to Dismiss under Federal Civil Rule 12(b)(6), the function of the Court is to test the legal sufficiency of the Complaint. *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993). The Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The Plaintiff's obligation to provide the legal and factual grounds for relief requires more than labels and conclusions, or a formulaic recitation of the elements of a cause of action. *Id*. Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A claim is plausible on its face when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id*. Deciding whether a Complaint states a claim for relief that is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

**DISCUSSION**

The Court is aware that *pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and must be liberally construed. *Haines v. Kerner*, 404

4

U.S. 519, 520 (1972); *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985). That being said, the Court is not required to conjure unpled facts or construct claims on Plaintiff's behalf. All litigants, including those proceeding *pro se,* must allege "more than bare assertions of legal conclusions...to satisfy federal notice pleading requirements." *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (internal quotation marks and citations omitted).

Plaintiff's Complaint never rises above the speculative level. Although Plaintiff states that she followed the instructions on the form Complaint, this alone is not sufficient to state a plausible claim for relief. In this case, the Court is left to guess at legal claims she may be raising and crucial facts that are missing from the Complaint that potentially would support those unstated claims.

As an initial matter, Plaintiff has not identified a plausible legal cause of action in her Complaint. The Complaint form provides a section which instructs the Plaintiff to "[l]ist the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case" (Doc. No. 1 at pageID #: 5). In that section, she lists "18 U.S.C. § 401, contempt of court order." This is a criminal statute that allows a court to impose criminal penalties for disobedience or resistance to its orders or decrees. 18 U.S.C. § 401(3). Federal criminal statutes, however, do not generally provide private rights of action for damages to civil litigants. *Levay v. Morken*, No. 21-1257, 2021 WL 7451691, at *3 (6th Cir. Nov. 15, 2021); *Ohlendorf v. United Food & Com. Workers Int'l Union, Loc.*, 876, 883 F.3d 636, 642 (6th Cir. 2018). This statute does not provide any substantive rights to the Plaintiff and cannot be an independent basis for Plaintiff to seek relief. She does not assert another legal cause of action in her Complaint. For that reason alone, her case must be dismissed.

5

Moreover, even if Plaintiff could pursue a civil action under 18 U.S.C. § 401 to collect damages for an alleged violation of another court's Order, it appears that she misunderstands the holding in *Alexander*. *Alexander* was a desegregation case. In 1974, nine students in the Youngstown public school system and their parents initiated an action under 42 U.S.C. §§1981, 1983-1988, and 2000d claiming the Youngstown schools practiced racial segregation both in the manner in which students were assigned to particular schools within the district and in the allocation of educational resources, including teachers and staff. *Alexander*, 454 F. Supp. At 986-87 (N.D. Ohio 1978). The court ultimately found that the district had not engaged in racial segregation in the manner in which students were assigned to schools within the district but found some segregation in terms of allocation of staff based on the race and the racial composition of the school. In other words, the court determined that the school district was more likely to assign white teachers to schools where the students were predominantly white, and black teachers to schools where the students were predominantly black. To remedy this situation, the court permanently enjoined the school district from assigning teachers and staff to a particular school based on the teacher or staff member's race and the racial composition of the school. The *Alexander* decision did not address teacher placement outside of the context of racial segregation and did not guarantee teacher or staff placement at specific jobs within the district.

None of the facts Plaintiff alleged in her Complaint suggest that *Alexander* is relevant. To build a claim suggesting a violation of the court order in *Alexander*, the Court would have to guess at Plaintiff's race, the racial composition of the last school to which she was specifically assigned and speculate that she was transferred from that assignment because her race did not reflect the predominant race of the students at that school. Those allegations

6

simply are not present in the Complaint and cannot be reasonably inferred from the facts that are alleged. This is not sufficient to cross the threshold of basic pleading requirements in federal court. *See* Fed. Civ. R. 8 (Complaint must provide "a short and plain statement of the claim" made by "simple, concise, and direct allegations.")

Furthermore, there is no other cause of action that can be reasonably inferred from the allegations in the Complaint. Plaintiff's only allegation is that she was not given a specific assignment for the 2022-2023 school year. Although she alleges that she had a three-year contract as an Academic Support Generalist, she claims she was unassigned because "there is no longer [a] job description for an Academic Generalist in the district…[and] the position's duties are not transferable to any other position in the district" (Doc. No. 5 at PageID #:76). She states that she is a licensed school counselor, and she could have been assigned to open school counselor positions within the district. Nevertheless, she does not indicate that she applied for any of the open counselor positions. She does not allege that her employment was terminated, nor does she elaborate on her current status with the Youngstown Schools. These facts, as stated, do not suggest a plausible federal cause of action on the face of the Complaint.

The Court is mindful that Plaintiff alleges in her opposition to the Motion to Dismiss that she relied heavily on the instructions on the form Complaint and limited her information to that which she thought the form required. She did not indicate in her opposition that she had additional claims or facts that she did not include in her Complaint, nor did she seek permission to amend her Complaint. The Defendants' Motion to Dismiss raises persuasive arguments for dismissal which were not effectively addressed by the Plaintiff. The Complaint, as written, fails to state a plausible claim for relief and the Defendants' Motion

7

to Dismiss must be granted.  However, given Plaintiff's *pro se* status and her alleged reliance on the form, the Court will dismiss this action without prejudice.

### CONCLUSION

Accordingly, the Defendants' Motion to Dismiss (Doc. No. 4) is granted, and this action is dismissed, without prejudice.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date:  August 23, 2023

 s/*Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE

8